

B. John Casey
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
D. 503.294.9170
john.casey@stoel.com

January 17, 2023

**VIA ECF AND EMAIL**

Hon. Youlee Yim You
U.S. District Court for the District of Oregon
1000 SW Third Avenue, Suite 1227
Portland, OR 97204

Re:     *Surina v. NuScale, et al.*, **U.S. District Court of Oregon Case No. 3:22-cv-01410-YY**

Dear Judge You:

Defendants NuScale Power, LLC, Fluor Enterprises, Inc., Japan NuScale Innovation, LLC, and Sargent & Lundy NuHoldings LLC (collectively "Defendants") respectfully request that the Court stay discovery in the above referenced matter pending resolution of Defendants' Motions to Dismiss (Dkt. Nos. 18, 21, 22) ("Motions").

This case involves 13 plaintiffs, a much larger putative class, four defendants spread across multiple jurisdictions, a complicated merger transaction, and seeks more than $100 million in damages. Discovery would be complex, costly, and time consuming. However, Defendants have filed compelling dispositive motions showing, among other things, that Plaintiffs' contracts bar their claims. Resolution of the Motions may end the matter entirely or significantly limit its scope, which could obviate the need for discovery. At the same time, if the Motions are denied, Plaintiffs will not be prejudiced by a stay of discovery. To avoid an unnecessary burden on the parties and the Court, the Court should enter a stay of discovery until the Motions are fully resolved.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs allege that certain members of NuScale Power, LLC ("NuScale") were deprived of voting rights in a complex merger transaction ("Merger") that was disclosed in December 2021 and closed on May 2, 2022. (Dkt. No. 1.) Several of the Plaintiffs first filed suit in state court on April 25, 2022. (Dkt. No. 20.) Plaintiffs filed this suit on September 19, 2022 and, subsequently, dismissed their state court action. (Dkt. Nos. 1, 20.) On November 11, 2022, Defendants filed three separate motions to dismiss Plaintiffs' Complaint, in its entirety. (Dkt. Nos. 18, 21, 22.) Plaintiffs moved to extend the deadline for their response to the Motions from November 25, 2022 to January 17, 2023, and the Court granted this request. (Dkt. Nos. 26, 29.) Briefing has not been completed, and discovery has not yet begun.

## II.     ARGUMENT

District courts have broad, inherent discretion to stay discovery upon a showing of "good cause" in order to promote judicial economy, streamline proceedings, and avoid the unnecessary expenditure of the parties' resources. *See* Fed. R. Civ. P. 26(c)(1). To determine whether such good cause exists, the court considers: (1) whether a dispositive motion is at issue; (2) whether the challenge is as a matter of law; (3) the nature and complexity of the action; (4) whether

January 17, 2023
Page 2

counterclaims or crossclaims have been filed; (5) whether some or all of the defendants join in the request; (6) the posture or stage of the litigation; (7) the expected extent of discovery in light of the number of parties and complexity of issues; and (8) any other relevant circumstances. *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-0580-AC, 2016 WL 6963039 (D. Or. Nov. 28, 2016), at \*4-\*5 (citing *Skellerup Indus. Ltd. v. City of L.*A., 163 F.R.D. 598, 601 (C.D. Cal. 1995)).

Following this guidance, courts in this District routinely grant discovery stays when motions to dismiss are pending. *See Valmarc Corp. v. Nike, Inc.*, No. 3:21-cv-01556-IM, ECF No. 59 (D. Or. Apr. 3, 2022) (granting stay of discovery "given the totality of the circumstances, in particular that resolution of the pending motion may dispose of claims or vastly change the nature and extent of discovery"); *Gavula v. Beech-Nut Nutrition Co.*, No. 3:21-cv-01275-IM, ECF No. 59 (D. Or. Nov. 9, 2021) (granting motion to stay discovery during pending motion to dismiss); *Ireland v. Bend Neurological Assocs. LLC*, No. 6:16-CV-02054-JR, 2017 WL 11571782, at \*2 (D. Or. May 8, 2017) (staying discovery where there was a "'reasonable possibility' that the pending Motions to Dismiss . . . would affect the content of plaintiff's amended complaint").[1]

All of the *Ciuffitelli* factors are met here. *First*, there is a strong likelihood that this case will be dismissed, or significantly limited, through resolution of the Motions (factors 1 and 2). *Second*, given the number of parties, the complexity of the factual and legal issues, and the alleged damages, discovery is likely to be burdensome and costly (factors 3 and 7). *Third*, all defendants are in favor of a stay, which will not prejudice any party (factors 4, 5, 6, and 8).

A.      The Motions Will Likely Limit the Need for Discovery

Defendants' arguments for dismissal present matters of law—including the issue of whether the plain language in Plaintiffs' contracts bars their claims—and do not require additional discovery for their resolution. (Dkt. Nos. 18, 21, 22.)  The Motions are well-founded and offer a variety of bases to dismiss the case with prejudice.  While the Court obviously will not rule on the Motions at this time, a review of them shows, at the very least, a "'reasonable possibility' that the pending Motions to Dismiss . . . would affect the content of [Plaintiffs' Complaint]." *Ireland*, 2017 WL 11571782, at \*2 (staying discovery).[2]  Even if portions of the Motions are denied, the Court's

---

[1] The Ninth Circuit similarly approves discovery stays during pending motions to dismiss. *Duff v. Nevada*, 212 F. App'x 676, 677 (9th Cir. 2006) (unpublished); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

[2] In assessing discovery stays when a dispositive motion is pending, some courts in the Ninth Circuit have followed a "preliminary peek" approach, in which courts will tie their stay decisions to the "probable likelihood of success" of the dispositive motion. *Davis v. Nevada*, No. 3:13-CV-00559-MMD, 2014 WL 1308347, at \*2 (D. Nev. Mar. 31, 2014); *but see Ciuffitelli*, 2016 WL 6963039, at \*6 (declining to adopt the "preliminary peek" approach).  Here, a "preliminary

ruling could dismiss certain parties, subclasses, or claims, significantly changing the scope of (i) these proceedings and (ii) discovery. *Ciuffitelli*, 2016 WL 6963039, at *9 ("Delaying discovery in the disputed areas [pending resolution of dispositive motions] will promote the efficient and "inexpensive determination" of this case by clarifying the appropriate scope of Plaintiffs' claims and, thus, establishing the appropriate scope of discovery.").

## B. Discovery Is Likely to Be Complex and Costly

The Complaint involves multiple parties and claims, a highly complex transaction, and Plaintiffs' claim for more than $100 million in damages. (Dkt. No. 1.) The more complex an action is, the more burdensome discovery is likely to be, both because of its potential scope and the likelihood of disputes. *Ciuffitelli*, 2016 WL 6963039, at *4. Discovery in this case is likely to be burdensome and expensive, which further supports a discovery stay.

## C. A Stay Will Not Prejudice Any Party

Plaintiffs cannot articulate any prejudice they would suffer if a stay were granted. Plaintiffs have been aware of the facts giving rise to their claims for more than a year, since December 14, 2021, yet they did not file a lawsuit until the end of April 2022 and, while this matter was pending in state court, never served a single discovery request.[3] (Dkt. Nos. 1, 20.) Nor have Plaintiffs ever suggested that obtaining discovery is urgent. Plaintiffs do not have an imminent need—or right—to access Defendants' business records. All of the defendants have instituted litigation holds, ensuring that no documents or information will be altered or lost. Further, the Court should not condone the use of discovery to engage in a factual "fishing expedition" for new claims while Defendants' Motions are pending. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (noting that "[d]istrict courts need not condone the use of discovery to engage in 'fishing expeditions'").

***

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying discovery in this matter pending full resolution of Defendants' Motions.

Very truly yours,

*/s/ B. John Casey*

B. John Casey, OSB No. 120025
Attorneys for Defendant NuScale Power, LLC
BJC:JG:km

___

peek" shows that the Motions have a "probable likelihood of success" and that a discovery stay is therefore warranted.

[3] Defendants understand, however, that Plaintiffs will seek broad, burdensome discovery, including extensive electronic discovery.