**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Keith A. Ketterling**, OSB No. 913368
Email: kketterling@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
Email: landersondana@stollberne.com
**Emily Johnson**, OSB No. 183791
ejohnson@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN J. SURINA, JR., trustee of the Elizabeth Sophia Surina Trust and Nicholas William Surina Trust; BRUCE LANDREY, an individual; PAUL LORENZINI, an individual; RICHARD SANDVIK, an individual; EDWARD G. WALLACE, an individual; JACK A. BAILEY, an individual; GARY CARL BARBOUR, an individual; PAUL D. BENNETT, an individual; JAMES E. CARTER, an individual; CHARLES MARCINKIEWICZ, trustee of the Charles & Kathleen Marcinkiewicz Trust; MICHAEL S. MCGOUGH, an individual; CHRISTOPHER RUNCKEL, an individual; and JOE CLAYTON TURNAGE, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUSCALE POWER, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:22-cv-01410-YY<br><br>**FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT**<br><br>(Breach of Duty of Good Faith and Fair Dealing; Breach of 5th Operating Agreement; Breach of Unit Option Agreements and Option Plan)<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiffs, individually and on behalf of the proposed class defined below, allege the following upon personal knowledge as to themselves, their own acts and those acts by Defendant that were directed to them or their property, and as to all other matters upon information and belief, based upon the investigation made by and through their attorneys.[1]

## OVERVIEW

1.

This case results from NuScale Power, LLC's ("NuScale" or the "Company") unlawful amendment of the Company's operating agreement and restructuring of the Company's equity on or about May 2, 2022 (the "Restructuring") that enriched holders of NuScale preferred units at the expense of Plaintiffs and other present and former employees of the Company.

2.

The Restructuring preceded a complex merger, after which holders of the Company's restructured stock received the option to exchange their restructured shares for publicly traded shares. In the Restructuring, certain unitholders received more restructured Company shares than they were entitled to, and Plaintiffs and the class they seek to represent received substantially fewer shares than they were entitled to. The result is that Plaintiffs and the class lost more than $100 million in value.

3.

Prior to the Restructuring, the Company's membership interests consisted of common units ("Common Units") and six classes of preferred units ("Preferred Units"). The Company had also issued options to purchase common units ("Common Unit Options"). Holders of Common Units are referred to herein as "Common Members," holders of Preferred Units as "Preferred Members," and holders of Common Unit Options as "Option Holders."

---

[1] Plaintiffs omit certain claims in this Amended Complaint that were alleged in the initial Complaint, in accordance with the parties' agreement that Plaintiffs would file an amended complaint reflecting the Court's dismissal of those claims. These amendments do not reflect Plaintiffs' agreement with the rulings, which Plaintiffs respectfully contend are erroneous.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

4.

Plaintiffs are former executives and minority members of NuScale that, collectively, held substantial Common Units and Common Unit Options. Fluor Enterprises, Inc. ("Fluor") held a majority interest in the Company, including a majority of the Preferred Units, and controlled the Company's Board of Managers, having appointed every member of that board.

5.

For years following Fluor's initial involvement with NuScale in 2011, Fluor and NuScale promised the Company's employees that their Common Units and Common Unit Options would achieve parity on a per-unit fully diluted basis with the Preferred Units on reaching a sufficient enterprise value. This was intended to incentivize employees to grow the value of the enterprise so that they would share in that value creation in a meaningful way. Plaintiffs and other Class members exercised options to purchase Common Units in reliance on these representations. Employees did, in fact, grow the value of the Company, and parity in value between the Common and Preferred Units was achieved, as reflected in the $1.875 billion value placed on the company in connection with the merger.

6.

The promises made by Fluor and NuScale are consistent with contracts entered into between Defendant, Plaintiffs and others. These contracts restricted NuScale's ability to restructure the Company's equity.

7.

NuScale's operating agreement in effect at the relevant time, the Fifth Amended and Restated Operating Agreement ("5th Operating Agreement"), allowed Preferred Members to convert their Preferred Units to Common Units at a specified formula, which equated to a 1:1 ratio at the relevant time. NuScale was prohibited from amending the 5th Operating Agreement to provide a more favorable conversion ratio for Preferred Members without approval by the Common Members, voting as a separate class.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

8.

Unit Option Agreements, and each operative version of the Company's related 2011 Equity Incentive Plan ("Option Plan"), required that, in any recapitalization, the Option Holders receive the same proportional interest after a recapitalization that they had prior to the recapitalization (that is, 1:1).

9.

Despite the contractual restrictions and representations to employees, NuScale forced a disproportionate conversion that was far more favorable to its controlling member, Fluor, and the Preferred Members.

10.

In the Restructuring, all Preferred Units were converted into increased numbers of Common Units (between 1.56 and 1.63 Common Units for each Preferred Unit, depending on the class of Preferred Unit), whereas Common Members and Option Holders received only the same number of units or options they started with (that is, 1:1).

| **Unit Series** | **Conversion Ratio** |
|---|---|
| Series A Preferred Units | 1.5818 |
| Series A-1 Preferred Units | 1.5818 |
| Series A-2 Preferred Units | 1.5636 |
| Series A-3 Preferred Units | 1.5576 |
| Series A-4 Preferred Units | 1.5818 |
| Series A-5 Preferred Units | 1.6303 |
| Common Units | 1.0 |

11.

NuScale accomplished the Restructuring by making wholesale amendments of the 5th Operating Agreement. The amendments are reflected in a Sixth Amended and Restated



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

Operating Agreement ("6th Operating Agreement"), enacted by NuScale and the Preferred Members.

12.

NuScale did not obtain the requisite consent for the amendments reflected in the 6th Operating Agreement. Although Fluor controlled the Company and held a majority of Preferred Units, it did not have the ability to control a vote of the Common Members. NuScale simply bypassed its contractual obligations and the voting rights of Common Members by enacting the amendments and Restructuring without the required vote of Common Members as a separate class.

13.

The disproportionate conversion ratios applied in the Restructuring increased the ownership interests of Preferred Members and decreased the ownership interests of the Common Members. The Common Unit Options were diminished in the same proportion as the Common Units. Plaintiffs and other Common Members and Option Holders received fewer shares than they were entitled to, and Preferred Members received more shares than they were entitled to. These shares have substantial value, having been valued at $10 at the time of the Restructuring and trading as high as $15.85 after the Restructuring.

14.

According to SEC filings, Fluor alone received approximately 720 million Common Units for its approximately 450 million Preferred Units. The additional Common Units Fluor improperly received through the Restructuring became worth at least $60 million following the merger, and that amount has grown by tens of millions of dollars as the stock price has increased. Fluor took this value from the very employees who built the Company's value, who lost more than $100 million.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

15.

Plaintiffs bring this action on behalf of a class of all persons holding Common Units and/or Common Unit Options that were adversely affected by the Restructuring. Plaintiffs seek to recover their damages.

**PARTIES**

16.

Plaintiff John J. Surina, Jr., trustee of the Elizabeth Sophia Surina Trust and Nicholas William Surina Trust, is a citizen of Tennessee and was NuScale's Chief Financial Officer from 2009-2021.

17.

Plaintiff Bruce Landrey is a citizen of Oregon and was NuScale's Chief Marketing Officer/Vice President of International Business Development & External Affairs from 2008-2012.

18.

Plaintiff Paul Lorenzini is a citizen of Washington and was NuScale's Co-founder, its Chief Executive Officer from 2007-2012, and its Board Chairman from 2007-2011.

19.

Plaintiff Richard Sandvik is a citizen of Oregon and was NuScale's Director of Business Strategy from 2010-2015.

20.

Plaintiff Edward G. Wallace is a citizen of Colorado and was NuScale's Vice President of Regulatory Affairs from 2010-2014.

21.

Plaintiff Jack A. Bailey is a citizen of Tennessee and was NuScale's Senior Vice President/Vice President of Business Development from 2014-2019.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

22.

Plaintiff Gary Carl Barbour is a citizen of Oregon and was NuScale's Senior Advisor, Federal Government Affairs from 2009-2013.

23.

Plaintiff Paul D. Bennett is a citizen of Texas and was NuScale's Payroll & Benefits Administrator from 2010-2018.

24.

Plaintiff James E. Carter is a citizen of North Carolina and was a Member of NuScale's Board of Directors from 2010-2011 and its Vice President, Program Office and a Member of the Executive Committee in 2012.

25.

Plaintiff Charles Marcinkiewicz, trustee of the Charles & Kathleen Marcinkiewicz Trust, is a citizen of Florida and was NuScale's Director of Business Development from 2013-2018.

26.

Plaintiff Michael S. McGough is a citizen of Georgia and was NuScale's Chief Commercial Officer from 2011-2017.

27.

Plaintiff Christopher Runckel is a citizen of Washington and was NuScale's Senior Advisor, Business Development, Asia from 2009-2012.

28.

Plaintiff Joe Clayton Turnage is a citizen of California and was a Member of NuScale's Board of Directors from 2010-2011 and Senior Advisor, Business Strategy, from 2010-2012.

29.

Plaintiffs, or the trusts they represent, owned Common Units and/or Common Unit Options prior to the Restructuring as follows:



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

| **Plaintiff** | **Units** | **Options** | **Total Position** |
|---|---|---|---|
| John J. Surina Trusts (the Elizabeth Sophia Surina Trust and the Nicholas William Surina Trust) | 1,488,000 | 4,666,800 | 6,154,800 |
| Michael S. McGough | 554,583 | 500,000 | 1,054,583 |
| Paul Lorenzini | 1,000,000 | - | 1,000,000 |
| Bruce Landrey | 338,000 | - | 338,000 |
| Jack A. Bailey | - | 251,041 | 251,041 |
| Charles & Kathleen Marcinkiewicz Trust | 25,000 | 101,875 | 126,875 |
| Richard Sandvik | 140,712 | - | 140,712 |
| Edward G. Wallace | 88,000 | - | 88,000 |
| James E. Carter | 85,000 | - | 85,000 |
| Joe Clayton Turnage | 50,000 | - | 50,000 |
| Christopher Runckel | 42,000 | - | 42,000 |
| Paul D. Bennett | 22,756 | - | 22,756 |
| Gary Carl Barbour | 20,000 | - | 20,000 |
| Total | 3,854,051 | 5,519,716 | 9,373,767 |

30.

Defendant NuScale is an Oregon limited liability company with its principal place of business in Washington County, Oregon. NuScale directly or indirectly holds substantially all of the consolidated assets and business of NuScale Power Corporation ("NuScale Corp."). NuScale Corp. is the manager of NuScale. As of May 3, 2022, after the Restructuring and subsequent merger, the stock of NuScale Corp. is traded on the New York Stock Exchange under the ticker symbol SMR.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

## JURISDICTION

31.

This Court has jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the matter in controversy exceeds $5 million, exclusive of interest and costs; at least one member of the proposed plaintiff class is a citizen of a state different from at least one defendant; and the number of members of the proposed class is at least 100.

## DETAILED FACTS

32.

Plaintiffs (except Bailey) and NuScale are parties to the 5th Operating Agreement, dated April 30, 2021.

33.

Section 3.1(f)(xi) of the 5th Operating Agreement expressly provided that Preferred Members had the right to convert their Preferred Units into Common Units at the Common Equivalent Ratio specified in the agreement.

34.

The Common Equivalent Ratio in effect under the 5th Operating Agreement at the time of the Restructuring was 1:1.

35.

The 5th Operating Agreement includes protections for Common Members against amendments to their rights and expressly requires their consent for such amendments.

36.

Section 14.3(aa) of the 5th Operating Agreement specifies amendments that require the consent of Common Members, voting as a separate class:

> [A]ny amendment to Sections 3.1(g), 4.1(a)(iii), 4.1(a)(iv), 4.1(a)(v) or 12.2(c), or this clause (aa) to the proviso of Section 14.3 (other than any amendment to such Sections and clause (aa) pursuant to Section 3.1(d) in connection with the creation and/or issuance of Equity Securities), shall also require the written



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

consent of the Members holding a majority of the Common Units, consenting as a separate class.

37.

The provisions identified in Section 14.3(aa) of the 5th Operating Agreement that cannot be amended without a consenting vote of the Common Members as a separate class (Sections 3.1(g), 4.1(a)(iii), 4.1(a)(iv), 4.1(a)(v), 12.2(c) or 14.3(aa) (collectively the "Provisions Requiring Consent")) pertain to the voting, distribution and other rights of the Common Members.

38.

On December 14, 2021, the Company disclosed a planned merger and plans to go public. According to the Company's press release, "Fluor (NYSE: FLR) projects to control approximately 60% of the combined company" and "[e]xisting NuScale shareholders, including majority owner Fluor, will retain their equity in NuScale and roll it into the combined company."

39.

Not disclosed on December 14, 2021, was the fact that Common Members and Option Holders would retain substantially less equity in the combined company, whereas the Preferred Members would receive substantially increased equity.

40.

In December 2021, NuScale and the Preferred Members voted to amend and replace the 5th Operating Agreement with the 6th Operating Agreement. The 6th Operating Agreement was adopted by NuScale's Board of Managers, at a meeting on December 21, 2021. The 6th Operating Agreement was disclosed on January 4, 2022, in an 8-K. The 6th Operating Agreement became effective on May 2, 2022.

41.

The 6th Operating Agreement amended each of the Provisions Requiring Consent of the 5th Operating Agreement. Section 3.1(g), and the Common Members' voting rights, were eliminated entirely by the amendments. The amendments to Sections 4.1(a)(iii), 4.1(a)(iv), 4.1(a)(v), 12.2(c) and 14.3(aa) of the 5th Operating Agreement are reflected directly in Sections



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

3.1, 9.3 and 4.1(f), respectively, of the 6th Operating Agreement. The Restructuring amendments, reflected in Section 2.1(c) of the 6th Operating Agreement, amended the Provisions Requiring Consent by, among other things, altering the distribution rights of existing Common Members.

42.

No written consent of the Common Members, voting as a class, was obtained, even though the 6th Operating Agreement amended and/or removed each of the Provisions Requiring Consent. Certain Plaintiffs demanded a vote of Common Members, as a class, to address the amendments. NuScale did not even attempt to obtain approval of the Common Members to the amendments voting as a separate class.

43.

The amendments to the 5th Operating Agreement that are reflected in the 6th Operating Agreement include the Restructuring in Section 2.1(c). The Restructuring involved two distinct steps. In the first step, referred to herein as the "Preferred Conversion," each existing Preferred Unit was reclassified or converted into an increased number (1.5818, 1.5576, 1.5636 or 1.6303) of Common Units. As a result of the Preferred Conversion, the Company had only Common Units. In the second step, all Common Units (including the now-reclassified Preferred Units) were reclassified or converted into a number of Class B units equal to the Exchange Ratio specified in the merger agreement.

44.

The result of the Restructuring was that holders of Preferred Units received, first, a substantially increased number of Common Units and, ultimately, a substantially increased number of Class B units, which necessarily diluted the interests of the Common Members and Option Holders, who received substantially less shares and options than they were entitled to receive.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

45.

As stated in Section 2.1(c)(i) of the 6th Operating Agreement, the Preferred Conversion converted the Preferred Units into Common Units at the following ratios (the "Preferred Conversion Ratios"):

| **Unit Series** | **Conversion Ratio** |
|---|---|
| Series A Preferred Units | 1.5818 |
| Series A-1 Preferred Units | 1.5818 |
| Series A-2 Preferred Units | 1.5636 |
| Series A-3 Preferred Units | 1.5576 |
| Series A-4 Preferred Units | 1.5818 |
| Series A-5 Preferred Units | 1.6303 |

46.

The merger was completed on May 2, 2022. The Company was valued at $1.875 billion in connection with the merger. On May 3, 2022, the Class A ordinary shares began trading on the NYSE under the symbol SMR. According to the Company's report, "[a]s a result of the Business Combination, NuScale received proceeds of approximately $380 million, prior to transaction expenses. … Fluor will continue to hold a majority interest in the company …."

47.

NuScale also restructured the Common Unit Options. Common Unit Options were diluted as a result of the Restructuring. The diluted outstanding vested and unvested Common Unit Options were converted into the right to purchase publicly traded, Class A common shares of NuScale Corp. The Option Plan and Unit Option Agreements were assumed by NuScale Corp.

48.

The Unit Option Agreements and Section 8.1 of the Option Plan require that Option Holders receive the same proportional interest they started with after a recapitalization in which



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

the outstanding Common Units are changed into a different number or kind of units. The Restructuring that occurred prior to the merger was such an event.

49.

Option Holders received a lesser proportional interest as a result of the Restructuring than they had prior to the Restructuring.

50.

Under the 5th Operating Agreement and the previous operating agreements, an employee with 1,000 Common Units, or a similar number of options, would have received 251.2 common shares in NuScale Corp. After the amendments to the 5th Operating Agreement by NuScale, however, that employee received only 173.2 common shares; nearly one-third fewer than they should have received prior to NuScale's illegal actions.

51.

On August 26, 2022, holders of Class B units had the right to surrender their units in exchange for publicly traded, Class A common shares. On August 25, 2022, in response to Plaintiffs' written notice of their intention to file this class action, NuScale advised Plaintiffs that "[t]he filing of a class action lawsuit could be viewed as material information by investors," and threatened to report Plaintiffs to the SEC for insider trading if they traded their shares. NuScale did not publicly disclose Plaintiffs' written notice of their intention to file this class action.

52.

The total damages to Plaintiffs and the class, most of whom are current or former NuScale employees, exceeds $100 million. Virtually all current and former employees of NuScale were damaged by the Restructuring, after working diligently for years to successfully build the value of NuScale, as reflected by the $1.875 billion value placed on the Company in the merger. Plaintiffs and the class were deprived of the rewards they were promised by NuScale and Fluor for more than a decade.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

## CLASS ACTION ALLEGATIONS

53.

Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the following class and subclasses of persons, as alleged more specifically in each cause of action set forth herein:

a. Plaintiffs bring the first claim for relief for breach of the duty of good faith and fair dealing against Defendant NuScale on behalf of all persons who held Common Units and Common Unit Options immediately prior to the Restructuring (the "Class"). The Class does not include: (a) NuScale; (b) NuScale Holdings; (c) present officers and directors of the Company Kent Kresa (NuScale Board member), John Hopkins (NuScale CEO), Chris Colbert (NuScale CFO), Dale Atkinson (NuScale COO), Robert Temple (NuScale General Counsel), and their respective families and affiliates; (d) Fluor; (e) Sargent & Lundy NuHoldings LLC; and (f) Japan NuScale Innovation, LLC.

b. Plaintiffs bring the second claim for relief for breach of contract against Defendant NuScale on behalf of all persons who held Common Units of NuScale immediately prior to the Restructuring (the "Common Member Subclass"). The Common Member Subclass does not include: (a) NuScale; (b) NuScale Holdings; and (c) present officers and directors of the Company Kent Kresa (NuScale Board member), John Hopkins (NuScale CEO), Chris Colbert (NuScale CFO), Dale Atkinson (NuScale COO), Robert Temple (NuScale General Counsel), and their respective families and affiliates; (d) Fluor; (e) Sargent & Lundy NuHoldings LLC; and (f) Japan NuScale Innovation, LLC.

c. Plaintiffs bring the third claim for relief for breach of contract against Defendant NuScale on behalf of all persons who held Common Unit Options of NuScale immediately prior to the Restructuring (the "Common Unit Option Holder Subclass"). The Common Unit Option Holder Subclass does not include: (a)



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

NuScale; (b) NuScale Holdings; and (c) present officers and directors of the Company Kent Kresa (NuScale Board member), John Hopkins (NuScale CEO), Chris Colbert (NuScale CFO), Dale Atkinson (NuScale COO), Robert Temple (NuScale General Counsel), and their respective families and affiliates; (d) Fluor; (e) Sargent & Lundy NuHoldings LLC; and (f) Japan NuScale Innovation, LLC.

54.

Members of the Class are so numerous that joinder is impracticable. On information and belief, the Class exceeds 600 members. The Common Member Subclass exceeds 170 members. The Common Unit Option Holder Subclass consists of approximately 490 members. Further, the Class is readily identifiable from information and records kept in the possession of the Company and/or the Class.

55.

Plaintiffs' claims are typical of the claims of the Class in that the claims are based upon the same contract provisions, all Class members were damaged by the same wrongful conduct, and the relief sought is common to the Class.

56.

Numerous common questions of law or fact arise from Defendant's conduct, including:

a. whether NuScale breached the 5th Operating Agreement;

b. whether NuScale breached the Unit Option Agreements;

c. whether NuScale breached the Option Plan; and

d. whether NuScale breached its duties of good faith and fair dealing.

57.

These common questions of law or fact predominate over any other questions affecting only individual Class members.

58.

Plaintiffs will fairly and adequately represent the interests of the Class in that they are typical persons who held Common Units and/or Common Unit Options of NuScale, and have no



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

conflicts with any other member of the Class. Plaintiffs have retained competent counsel experienced in class action litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the members of the proposed Class, and have the financial resources to do so.

59.

A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, as the burden of individual litigation makes it impracticable for Class members to seek individual redress for the wrongful conduct alleged herein.

60.

Plaintiffs reserve the right to expand, modify, or alter the Class definition in response to information learned during discovery.

**FIRST CLAIM FOR RELIEF**

(Breach of Duty of Good Faith and Fair Dealing)

(Plaintiffs, individually and on behalf of the Class, against Defendant NuScale)

61.

Plaintiffs reallege and incorporate all preceding paragraphs as if fully stated herein.

62.

The 5th Operating Agreement, Unit Option Agreements, and Option Plan, like all contracts, contains an implied covenant of good faith and fair dealing.

63.

Plaintiffs fully performed under the contracts.

64.

Plaintiffs had objectively reasonable contractual expectations that NuScale would adhere to the plain language of the contracts in connection with any recapitalization of the Company.

65.

NuScale violated Plaintiffs' reasonable contractual expectations and breached the implied covenant of good faith and fair dealing by enacting and implementing the Preferred Conversion



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

without the written consent of the Members holding a majority of the Common Units, consenting as a separate class.

66.

NuScale's breach of the implied covenant of good faith and fair dealing caused at least $100 million in damages to Plaintiffs and the Class, in an exact amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

(Breach of 5th Operating Agreement)

(All Plaintiffs except Bailey, individually and on behalf of the Common Member Subclass, against Defendant NuScale)

67.

Plaintiffs reallege and incorporate all preceding paragraphs as if fully stated herein.

68.

Plaintiffs (except Bailey) and NuScale are parties to the 5th Operating Agreement. The 5th Operating Agreement is a valid contract binding the parties.

69.

Plaintiffs fully performed under the 5th Operating Agreement.

70.

NuScale breached the 5th Operating Agreement by amending Sections 3.1(g), 4.1(a)(iii), 4.1(a)(iv), 4.1(a)(v), 12.2(c) and 14.3(aa) of the 5th Operating Agreement, including by implementing the Restructuring, without the written consent of the Members holding a majority of the Common Units, consenting as a separate class, when NuScale amended the 5th Operating Agreement and replaced it with the 6th Operating Agreement.

71.

NuScale's breaches of the 5th Operating Agreement caused at least $20 million in damages to Plaintiffs and the Common Member Subclass and in an exact amount to be proven at trial.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

**THIRD CLAIM FOR RELIEF**

(Breach of Unit Option Agreements and Option Plan)

(Plaintiffs Surina, McGough, Bailey and Marcinkiewicz, individually and on behalf of the Common Unit Option Holder Subclass, against Defendant NuScale)

72.

Plaintiffs reallege and incorporate all preceding paragraphs as if fully stated herein.

73.

The Unit Option Agreements and the Option Plan, as incorporated into the Unit Option Agreements, are valid and binding contracts entered into between Plaintiffs Surina, McGough, Bailey and Marcinkiewicz, and other members of the Common Unit Option Holder Subclass, on the one hand, and NuScale.

74.

Plaintiffs fully performed under the Unit Option Agreements.

75.

NuScale breached the Unit Option Agreements and Section 8.1 of the Option Plan because Option Holders received a lesser proportional interest after the Restructuring.

76.

NuScale's breach of contract caused at least $80 million in damages to Plaintiffs and the Common Unit Option Holder Subclass, in an exact amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. On Plaintiffs' First Claim for Relief, at least $100 million in damages.

B. On Plaintiffs' Second Claim for Relief, at least $20 million in damages.

C. On Plaintiffs' Third Claim for Relief, at least $80 million in damages.

D. Plaintiffs' costs and disbursements incurred herein.

E. Prejudgment interest.

F. Such other relief as the Court deems just and proper.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

## JURY DEMAND

Plaintiffs demand a trial by jury for all claims for which that right is available.

DATED this 8th day of August, 2024.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Timothy S. DeJong

**Timothy S. DeJong**, OSB No. 940662
**Keith A. Ketterling**, OSB No. 913368
**Lydia Anderson-Dana**, OSB No. 166167
**Emily Johnson**, OSB No. 183791

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: tdejong@stollberne.com
kketterling@stollberne.com
landersondana@stollberne.com
ejohnson@stollberne.com

**Attorneys for Plaintiffs**