B. John Casey, OSB No. 120025
john.casey@stoel.com
Jacob Goldberg, OSB No. 162565
jacob.goldberg@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHN J. SURINA, JR., trustee of the Elizabeth Sophia Surina Trust and Nicholas William Surina Trust; BRUCE LANDREY, an individual; PAUL LORENZINI, an individual; RICHARD SANDVIK, an individual; EDWARD G. WALLACE, an individual; JACK A. BAILEY, an individual; GARY CARL BARBOUR, an individual; PAUL D. BENNETT, an individual; JAMES E. CARTER, an individual; CHARLES MARCINKIEWICZ, trustee of the Charles & Kathleen Marcinkiewicz Trust; MICHAEL S. MCGOUGH, an individual; CHRISTOPHER RUNCKEL, an individual; and JOE CLAYTON TURNAGE, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NUSCALE POWER, LLC, an Oregon limited liability company,

Defendant.

Case No.: 3:22-cv-01410-YY

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT BY DEFENDANT

JURY TRIAL DEMANDED

Defendant NuScale Power, LLC ("Defendant" or "NuScale") hereby answers Plaintiffs' First Amended Class Action Complaint ("Complaint") as follows:

1. NuScale denies the allegations in paragraph 1.

2. NuScale admits that on or about May 2, 2022, NuScale was a party to a merger transaction ("Merger") in which holders of NuScale membership interests immediately prior to the Merger held, immediately after the Merger, membership interests in NuScale that, under the Sixth Amended and Restated Operating Agreement of NuScale ("Sixth Operating Agreement"), could be exchanged for shares of a publicly traded company. Except as expressly admitted, NuScale denies the allegations in paragraph 2.

3. NuScale admits that prior to May 2022, NuScale's membership interests consisted of common units ("Common Units") and preferred units ("Preferred Units") and that NuScale had issued options to purchase common units ("Common Unit Options"). Pursuant to the Fifth Amended and Restated Operating Agreement of NuScale Power, LLC ("Fifth Operating Agreement"), and prior revisions thereof, holders of Preferred Units were entitled to a Preferred Return,[1] and holders of Common Units were not. NuScale further admits that the Fifth Operating Agreement refers to holders of Common Units as "Common Members" and the holders of Preferred Units as "Preferred Members." Except as expressly admitted, NuScale denies the allegations in paragraph 3.

---

[1] According to the Fifth Operating Agreement, "'Preferred Return' means, with respect to any Preferred Unit, an amount accruing on such Preferred Unit, compounded on each Fiscal Quarter, at the rate of ten percent (10.00%) per annum on the Unreturned Preferred Capital of such Preferred Unit, beginning on the date such Preferred Unit was issued. In calculating the amount of any Distribution to be made at any time, the portion of the Preferred Return for such portion of the period elapsing before such Distribution is made shall be taken into account."

4. NuScale admits that certain Plaintiffs were previously employed by NuScale, but NuScale specifically denies that Plaintiffs held "substantial" Common Units or Common Unit Options. NuScale admits that Fluor Enterprises, Inc. ("Fluor") held a majority of Preferred Units. Except as expressly admitted, NuScale denies the allegations in paragraph 4.

5. NuScale denies the allegations in paragraph 5.

6. NuScale denies the allegations in paragraph 6.

7. NuScale admits that the Fifth Operating Agreement was in effect prior to May 2022 and that it allowed Preferred Members to convert Preferred Units into Common Units. Except as expressly admitted, NuScale denies the allegations in paragraph 7.

8. NuScale denies the allegations in paragraph 8.

9. NuScale denies the allegations in paragraph 9.

10. NuScale admits that, as part of the Merger, each Preferred Unit was converted into the number of Common Units set forth in the table in paragraph 10 of the Complaint, and that such ratio reflected the value of the Preferred Units. Except as expressly admitted, NuScale denies the allegations in paragraph 10.

11. NuScale admits that, as part of the Merger, NuScale adopted a Plan of Merger and that the Plan of Merger included the Sixth Operating Agreement. Except as expressly admitted, NuScale denies the allegations in paragraph 11.

12. NuScale denies the allegations in paragraph 12.

13. NuScale denies the allegations in paragraph 13.

14. NuScale denies the allegations in paragraph 14.

15. NuScale admits that Plaintiffs purport to represent a class of persons holding Common Units and/or Common Unit Options. NuScale denies that Plaintiffs are entitled to any damages. Except as expressly admitted, NuScale denies the allegations in paragraph 15.

16. NuScale admits that John J. Surina served as its Chief Financial Officer. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 16 and, on that basis, denies the allegations in paragraph 16.

17. NuScale admits that Bruce Landrey served as its Chief Marketing Officer/Vice President of International Business Development & External Affairs. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 17 and, on that basis, denies the allegations in paragraph 17.

18. NuScale admits that Paul Lorenzini served as its Chief Executive Officer and Board Chairman. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 18 and, on that basis, denies the allegations in paragraph 18.

19. NuScale admits that Richard Sandvik served as its Director of Business Strategy. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 19 and, on that basis, denies the allegations in paragraph 19.

20. NuScale admits that Edward G. Wallace served as its Vice President of Regulatory Affairs. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 20 and, on that basis, denies the allegations in paragraph 20.

21. NuScale admits that Jack A. Bailey served as its Senior Vice President/Vice President of Business Development. Except as expressly admitted, NuScale is without

information sufficient to admit or deny the allegations in paragraph 21 and, on that basis, denies the allegations in paragraph 21.

22. NuScale admits that Gary Carl Barbour served as its Senior Advisor, Federal Government Affairs. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 22 and, on that basis, denies the allegations in paragraph 22.

23. NuScale admits that Paul D. Bennett served as its Payroll & Benefits Administrator. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 23 and, on that basis, denies the allegations in paragraph 23.

24. NuScale admits that James E. Carter served as its Vice President, Program Office and was a Member of its Board of Directors. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 24 and, on that basis, denies the allegations in paragraph 24.

25. NuScale admits that Charles Marcinkiewicz served as its Director of Business Development. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 25 and, on that basis, denies the allegations in paragraph 25.

26. NuScale admits that Michael S. McGough served as its Chief Commercial Officer. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 26 and, on that basis, denies the allegations in paragraph 26.

27. NuScale admits that Christopher Runckel served as its Senior Advisor, Business Development. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 27 and, on that basis, denies the allegations in paragraph 27.

28. NuScale admits that Joe Clayton Turnage served as a Member of its Board of Directors and as a Senior Advisor, Business Strategy. Except as expressly admitted, NuScale is without information sufficient to admit or deny the allegations in paragraph 28 and, on that basis, denies the allegations in paragraph 28.

29. NuScale denies the allegations in paragraph 29 on the basis that it does not allege any specific time period, other than "prior to the Restructuring" and, accordingly, NuScale is without information sufficient to admit or deny the allegations in paragraph 29.

30. NuScale admits that it is an Oregon limited liability company with its principal place of business in Washington County, Oregon. NuScale admits that NuScale Power Corporation ("NuScale Corp.") is the manager of NuScale and that NuScale directly or indirectly holds substantially all of the consolidated assets of NuScale Corp. NuScale admits that shares of NuScale Corp. are traded on the New York Stock Exchange under the ticker symbol SMR. Except as expressly admitted, NuScale denies the allegations in paragraph 30.

31. NuScale admits the allegations in paragraph 31.

32. NuScale admits that, as of immediately before the Merger, all Common Members and Preferred Members were parties to the Fifth Operating Agreement. Except as expressly admitted, NuScale denies the allegations in paragraph 32.

33. NuScale admits that the terms of the Fifth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 33.

34. NuScale admits that the terms of the Fifth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 34.

35. NuScale admits that the terms of the Fifth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 35.

36. NuScale admits that the terms of the Fifth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 36.

37. NuScale admits that the terms of the Fifth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 37.

38. NuScale admits that the terms of NuScale's press release dated December 14, 2021 speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 38.

39. NuScale denies the allegations in paragraph 39.

40. NuScale denies the allegations in paragraph 40.

41. NuScale denies the allegations in paragraph 41.

42. NuScale denies the allegations in paragraph 42.

43. NuScale admits that the terms of the Sixth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 43.

44. NuScale denies the allegations in paragraph 44.

45. NuScale admits that the terms of the Sixth Operating Agreement speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 45.

46. NuScale admits that the Merger closed on May 2, 2022 and that on May 3, 2022, Class A Common Stock of NuScale Corp. was traded on the New York Stock Exchange under the symbol SMR. NuScale admits that it issued reports related to the Merger and that these reports speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 46.

47. NuScale admits that, in accordance with Section 8.2 of the Second Amendment to the Third Amended and Restated 2011 Equity Incentive Plan ("Option Plan"), as a part of the

Merger, NuScale Corp. assumed the outstanding Common Unit Options, and they became options to purchase publicly traded Class A common shares of NuScale Corp. Except as expressly admitted, NuScale denies the allegations in paragraph 47.

48. NuScale denies the allegations in paragraph 48.

49. NuScale denies the allegations in paragraph 49.

50. NuScale denies the allegations in paragraph 50.

51. NuScale admits that attorneys for NuScale sent a letter to attorneys for Plaintiffs on August 25, 2022 and that the contents of the letter speak for themselves. Except as expressly admitted, NuScale denies the allegations in paragraph 51.

52. NuScale denies the allegations in paragraph 52.

53. NuScale admits that Plaintiffs purport to represent certain classes and subclasses. Except as expressly admitted, NuScale denies the allegations in paragraph 53.

54. NuScale denies the allegations in paragraph 54.

55. NuScale denies the allegations in paragraph 55.

56. NuScale denies the allegations in paragraph 56.

57. NuScale denies the allegations in paragraph 57.

58. NuScale denies the allegations in paragraph 58.

59. NuScale denies the allegations in paragraph 59.

60. To the extent paragraph 60 requires any response, NuScale denies that Plaintiffs have any right to expand, modify, or alter any “class definition.”

///

///

///

## CLAIMS

### FIRST CLAIM FOR RELIEF

(Breach of Duty of Good Faith and Fair Dealing)

61. NuScale realleges and incorporates its response to the preceding paragraphs as if fully set forth herein.

62. Paragraph 62 is a legal conclusion to which no response is required.

63. NuScale denies the allegations in paragraph 63.

64. NuScale is without information sufficient to admit or deny the allegations in paragraph 64 and, on that basis, denies the allegations in paragraph 64.

65. NuScale denies the allegations in paragraph 65.

66. NuScale denies the allegations in paragraph 66.

### SECOND CLAIM FOR RELIEF

(Breach of the Fifth Operating Agreement)

67. NuScale realleges and incorporates its responses to the preceding paragraphs as if fully set forth herein.

68. Paragraph 68 is a legal conclusion to which no response is required.

69. NuScale denies the allegations in paragraph 69.

70. NuScale denies the allegations in paragraph 70.

71. NuScale denies the allegations in paragraph 71.

### THIRD CLAIM FOR RELIEF

(Breach of Unit Option Agreements and Option Plan)

72. NuScale realleges and incorporates its responses to the preceding paragraphs as if fully set forth herein.

73. Paragraph 73 is a legal conclusion to which no response is required.

74. NuScale denies the allegations in paragraph 74.

75. NuScale denies the allegations in paragraph 75.

76. NuScale denies the allegations in paragraph 76.

## AFFIRMATIVE DEFENSES

NuScale alleges the following as separate affirmative defenses, without assuming the burden of proof on any defense or issue. NuScale does not waive any additional applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as they may become available or apparent during the course of the proceedings.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

77. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim.

### SECOND AFFIRMATIVE DEFENSE

### (Terms of Contract)

78. Plaintiffs' claims are barred, in whole or in part, by relevant contractual terms.

### THIRD AFFIRMATIVE DEFENSE

### (Absence of Fault)

79. Plaintiffs' claims are barred, in whole or in part, because there is no fault on NuScale's part.

### FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

80. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' have not alleged, and have not suffered, any recoverable damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

81. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

82. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

83. Plaintiffs' claims are barred, in whole or in part, by their own unclean hands and/or bad faith.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

84. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

85. NuScale further reserves any affirmative defenses available to it now existing, or later arising, as may be identified or discovered throughout this litigation.

///

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, NuScale prays for relief as follows:

1. For dismissal of the Amended Class Action Complaint with prejudice;

2. For an award of NuScale's fees, costs, and disbursements; and

3. For such other and further relief as the Court deems equitable and just.

DATED: August 22, 2024.

STOEL RIVES LLP

*/s/ John Casey*

B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
Telephone: 503.224.3380

Attorneys for Defendant